IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION


**NAKITA[1] N. FORTE**                                                                                          **PLAINTIFF**

v.                                                              4:06CV00505 BD

**MICHAEL J. ASTRUE,**
**Commissioner, Social**
**Security Administration,[2]**                                                             **DEFENDANT**


### MEMORANDUM AND ORDER

Plaintiff, Nakita N. Forte, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for Disability Insurance benefits and Supplemental Security Income, based on disability. Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the

---

[1] The spelling of Plaintiff's first name is unclear. There are instances where she appears to sign her name "Na̲kita." (Tr. 12, 47, 57) There are others where it appears to be "Ne̲kita." Tr. 30, 63, 81, 311)

[2] Michael J. Astrue was sworn in as the Commissioner of Social Security on February 12, 2007. He is therefore substituted for Jo Anne B. Barnhart pursuant to Fed.R.Civ.P. 25(d)(1).

Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff alleged disability due to obesity and weakness in her knees and ankles. (Tr. 73) The Commissioner found that she was not disabled within the meaning of the Social Security Act. The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through September 20, 2005, the date of his decision. (Tr. 29) On March 30, 2006, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed her complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is based on legal error and that the case should be remanded.

Plaintiff was 32 years old at the time of the latest hearing.[3] (Tr. 32) Plaintiff completed high school and two years of college. (Tr. 18, 79) She has past relevant work as a quality control technician, a daycare teacher, an assistant manager (retail clothing), and assistant restaurant cook. (Tr. 18, 64-70)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.* at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. *Id.* at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. *Id.* A "severe" impairment significantly limits a claimant's ability to perform basic work activities. *Id.* at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. *Id.*, §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. *Id.*

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. *Id.*, §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. *Id.*

---

[3]There was an earlier hearing before a different ALJ. (Tr. 360-79) He found that Plaintiff was not disabled. (Tr. 271-77) The Appeals Council vacated that decision and remanded for further proceedings. (Tr. 299-302)

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. *Id.*, §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).  If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, §§ 404.1520(a)(4)(v); 416.920(a)(4)(v) . If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff was insured for Disability Insurance benefits only through March 31, 2003.[4]  (Tr. 28)  He found that she had not engaged in substantial gainful activity since her alleged onset date, although she had engaged in some limited work activity since that date. *Id.*  He found that Plaintiff had "severe" impairments, morbid obesity, poorly controlled hypertension, tricompartmental osteoarthropathy[5] of the right knee and intermittent symptoms of bronchitis, but that she did not have an impairment or combination of impairments that met or equaled a Listing. *Id.*  He judged that Plaintiff's allegations and testimony regarding the nature and severity of her impairments and her ability to work were not totally credible. *Id.*

---

[4] In order to receive Disability Insurance benefits, an applicant must establish that she was disabled before the expiration of her insured status.  42 U.S.C. §§ 416(i), 423(c) (1991); *Pyland v. Apfel*, 149 F.3d 873, 876 (8th Cir. 1998); *Battles v. Sullivan*, 902 F.2d 657, 659 (8th Cir. 1990).  At one point, the ALJ's opinion states:

> With regard to the claim for a Period of Disability and Disability Insurance Benefits, the claimant meets the non-disability requirements set forth in Section 216(i) of the Social Security Act and is insured for disability benefits only through March 31,2003.  Therefore, in order to be considered entitled to Disability Insurance Benefits the claimant must establish disability on or before March 31, 2004.

(Tr. 18)  The reference to 2004 is scrivener's error.

[5] A disorder affecting bones and joints.  PDR Medical Dictionary 1282 (2d ed. 2000).

The ALJ found that Plaintiff retained the residual functional capacity to perform a full range of sedentary work. (Tr. 29) He found that she was unable to perform any of her past relevant work. (Tr. 28) The ALJ correctly noted that, once Plaintiff was determined to be unable to perform her past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that she could perform, given her residual functional capacity, age, education and past work. (Tr. 26)

The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rules 201.27 through 201.29, Table No. 1, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled. (Tr. 29) Consequently, the ALJ concluded that Plaintiff was not disabled. *Id.*

Plaintiff raises several arguments in support of her request remand. The Court concludes that one of those arguments has merit, and that the rest of the arguments need not be addressed.

Plaintiff contends that the ALJ erred in utilizing the Medical-Vocational Guidelines to find that she was not disabled, because she had a significant nonexertional impairment. (Br. 19-20)

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. *Groeper v. Sullivan*, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991). In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." *Thompson v. Bowen*, 850 F.2d 346, 349 (8th Cir. 1988). Instead, testimony of a vocational expert must be taken. *Groeper*, 932 F.2d at 1235. The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not <u>significantly</u> diminish the claimant's RFC to perform the full range of activities listed in the guidelines.

*Thompson*, 850 F.2d at 349-350 (emphasis added).  *Reed v. Sullivan*, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in original); accord, *McGeorge v. Barnhart*, 321 F.3d 766, 768-69 (8th Cir. 2003); *Holley v. Massanari*, 253 F.3d 1088, 1093 (8th Cir. 2001);  *Holz v. Apfel*, 191 F.3d 945, 947 (8th Cir. 1999).

There is no question that Plaintiff was morbidly obese.  The ALJ found that her morbid obesity, *inter alia*, was a "severe" impairment.  (Tr. 22, 28)  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2005).  Therefore, the ALJ erred by utilizing the Medical-Vocational Guidelines to determine Plaintiff's disability because her obesity significantly limited her ability to do basic work activities.[6]

One other issue deserves discussion.  The Appeals Council directed the ALJ to utilize a medical expert to clarify the nature and severity of Plaintiff's physical impairments.  (Tr. 301)  The Court strongly commends this practice, especially in unusually complicated medical situations.

The following exchange took place between the ALJ and the medical expert:

---

[6]    (b) *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
   (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
   (2) Capacities for seeing, hearing, and speaking;
   (3) Understanding, carrying out, and remembering simple instructions;
   (4) Use of judgment;
   (5) Responding appropriately to supervision, co-workers and usual work situations; and
   (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521 and 416.921 (2005).

> Q: Are there any additional questions that you would like to ask, or have asked, of Ms. Forte?
>
> A: Well, I guess the only question, I believe, with regard to the record, I don't have any records from 2004, and I don't — and the records from 2003 don't mention anything with regard to treatment or evaluation of her knee which I gather is the main problem expect for the diagnosis of degenerative joint disease, and reference to an X-ray, so if there's other information available in 2004, or the latter part of 2003, I don't have that.
>
> Q: Okay. There was material brought in today which we didn't get to you. Let's go on what you have, all right?
>
> A: Okay.
>
> Q: Would you please tell us based on your education, experience and training, <u>in your review of the medical records that you have</u>, what medical condition or conditions the claimant has.

(Tr. 407)(emphasis added).

There was also an MRI which was to be obtained the week following the hearing. (Tr. 415-16) It was submitted into evidence. (Tr. 349-50) It would seem to be highly preferable for the medical expert to review all of the medical evidence before rendering his opinion, rather than just part of it.

Based on the preceding and the record as a whole, the Court finds that the ALJ's decision is based on legal error. Therefore, the ruling of the Commissioner must be reversed and the matter remanded for a reevaluation of Plaintiff's impairments and their impact on her ability to work.

Accordingly, the Commissioner's decision is reversed and remanded for action consistent with this opinion. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED, this 25th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE